**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

GRADY TAYLOR, JR.,                          :
                                            :
                    Plaintiff,              :
                                            :
v.                                          :          Case No. 4:25-cv-464-CDL-AGH
                                            :
KAMRY PITTS,                                :
                                            :
                    Defendant.              :

_____

## <u>ORDER</u>

Before the Court is Plaintiff's motion to appoint counsel (ECF No. 14). In relevant part Plaintiff claims that appointed counsel is necessary because he is unable to afford counsel, his "imprisonment will greatly limit his ability to litigate[,]" the issues in this case are complex and "require significant research and investigation[,]" and he would need counsel to present evidence and cross-examine witnesses at trial.   Pl.'s Mot. to Appoint Couns., ECF No. 14.  Plaintiff unsuccessfully sought counsel from various sources, and because he cannot afford counsel, he seeks appointment of counsel by the Court. *Id.*  For the following reasons, Plaintiff's motion is denied.

A district court "may request an attorney to represent any person unable to afford counsel."[1]   28 U.S.C. § 1915(e)(1).   There is, however, "no absolute

_____

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under § 1915).

constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers:

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. Despite Plaintiff's claims that his imprisonment limits his access to the law library, he does not allege that he has been completely prohibited from accessing the law library. Pl.'s Mot. to Appoint Couns. Further, although Plaintiff contends that his imprisonment will limit his ability to litigate this matter, Plaintiff's complaint survived the Court's preliminary screening without needing the complaint to be recast, and the Court ordered service on Defendant, which is currently pending. *Id.*; Order, May 19, 2026, ECF No. 7. Furthermore, while Plaintiff explains that counsel will be necessary at

trial, this case is not currently set for trial and service on Defendant remains pending.

It thus appears to the Court that Plaintiff—at this time—has the ability to present his case. Should it subsequently become apparent that appointed counsel is necessary to protect Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Accordingly, Plaintiff's motion to appoint counsel (ECF No. 14) is **DENIED**.

**SO ORDERED**, this 8th day of July, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

3